**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ERNEST MATHER<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, CBS CORPORATION f/k/a VIACOM, INC. s/b/m CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORP., FOSTER WHEELER, LLC, and CRANE CO.<br><br>Defendants. | Case No.<br><br><br><br><br><br><br><br>SEPTEMBER 5, 2017 |

**GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL**

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant General Electric Company ("GE") hereby removes an action filed against it in the Superior Court of the State of Connecticut, Judicial District of New London at New London and gives notice of such removal. In support, GE respectfully offers the following:

**Preliminary Matters**

1. Plaintiff commenced this action against GE and several other defendants in the Superior Court of Connecticut, Judicial District of New London at New London. The state court action is entitled *Ernest Mather v. General*

*Electric Company, et al,* Docket No. KNL-CV17-6031001-S. A copy of the Summons and Complaint in the state court action is attached hereto as **Exhibit A**.

2. Plaintiff served GE with the Summons and Complaint on August 7, 2017. The allegations of the Complaint include an allegation that Ernest Mather was exposed to asbestos while working at General Dynamics/Electric Boat from in or about 1958 until approximately 1977. As more fully explained below, this allegation suggests that the case is potentially removable by GE under the federal officer removal statute. Without conceding that service of a complaint with this sort of allegation is sufficient to trigger the 30 day removal period under 28 U.S.C. § 1446(b)(1) and (3), GE is removing this case within 30 days after its receipt of the initial pleading setting forth the plaintiff's claim for relief.

**Nature of the Case**

3. This is a product liability action in which Ernest Mather alleges that he contracted asbestos-related mesothelioma and other asbestos-related pathologies. More specifically, the plaintiff alleges that he was exposed to various asbestos containing products while employed at General Dynamics/Electric Boat in Groton, Connecticut. Complaint, ¶ 1.

4. The plaintiff asserts claims under the Connecticut Product Liability Act against GE and the other defendants. In particular the Complaint alleges that GE

manufactured defective products and failed to warn potential users of its products of the health risks allegedly associated with exposure to asbestos dust and fibers. Complaint, ¶ 7.

**Grounds for Removal**

5. Federal jurisdiction exists in this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). GE supplied marine steam turbines and related propulsion and power generation equipment to the U.S. Navy for use in the construction of Navy ships and nuclear submarines. GE supplied these products pursuant to contracts and specifications executed by the U.S. Navy.

6. Although the complaint does not specifically allege the circumstances under which the plaintiff was exposed to asbestos dust and fibers, it appears that the plaintiff is alleging asbestos exposure from the products GE supplied to the U.S. Navy for use on Navy ships and/or nuclear submarines.

7. In the manufacture and sale of turbines and associated equipment for the U.S. Navy, including all aspects of warnings associated with those turbines and equipment, GE was acting under and at the direction of the U.S. Navy. Therefore, GE will raise the government contractor defense in this case. *Boyle v. United Technology Corp.*, 487 U.S. 500, 512 (1987); *In re Joint E. and S.D.N.Y.Asbestos Litigation ("Grispo")*, 897 F.2d 626, 630 (2d. Cir. 1990)(recognizing applicability of government contractor defense in a failure-to-warn case). Under the circumstances of the instant

case, GE was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). In several District of Connecticut cases identical with or similar to the case at hand, federal officer removal jurisdiction has been found to exist. *DeMatties v. ACMAT Corp.*, Dkt. No. 3:08cv116(WWE); *Olivar v. Buffalo Pumps, Inc.*, Dkt. No. 3:07cv1912(CFD); *Carroll v. Buffalo Pumps, Inc.*, Dkt. No. 3:08cv707(WWE); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007); *Contois v. Able Industries, Inc.*, 523 F. Supp. 2d 155 (D. Conn. 2007); *DeMarco v. General Electric Company*, Dkt. No. 3:09-cv-00373 (PCD) (D.Conn. May 29, 2009); *Allen v. General Electric Co.*, Dkt. No. 3:09-cv-0497 (JCH)(D.Conn. August 27, 2009); *Pianko v. General Electric Company*, 2010 U.S. Dist. LEXIS 15576 (D.Conn. February 23, 2010). See also, *Faddish v. General Electric Co.*, 2010 U.S. Dist. LEXIS 112937 (EDPA October 22, 2010) (granting summary judgment to General Electric Company based upon the government contractor defense in an asbestos failure-to-warn case).

8.   The removal was filed less than thirty days from the service of the pleading or other paper from which it was first ascertained that the case is removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

9.   Pursuant to 28 U.S.C. § 1446(d), GE will this day, or promptly thereafter, give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the clerk of the Superior Court.

DEFENDANT
GENERAL ELECTRIC COMPANY


   **/s/ Brett M. Szczesny**
Brett M. Szczesny, Esq.
Federal Bar No. ct19560
Halloran & Sage LLP
315 Post Road West
Westport, CT  06880
Telephone: (203) 227-2855
szczesny@halloransage.com

**CERTIFICATION OF SERVICE**

This is to certify that on this 5th day of September, 2017, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

**/s/ Brett M. Szczesny**
Brett M. Szczesny